IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM GOLIGHTLY, | ] |
| Petitioner, | ] |
| vs. | ] CIVIL ACTION NO. 01-BE-0835-E |
| WARDEN LILLIE FOSTER and THE ATTORNEY GENERAL FOR THE STATE OF ALABAMA, | ] |
| Respondents. | ] |

## MEMORANDUM OPINION

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama. 28 U.S.C. § 2254. The petitioner, William Golightly, was convicted on August 16, 1994, in the Circuit Court of Calhoun County, of unlawful possession of a controlled substance and unlawful possession of marijuana. He was sentenced on October 13, 1994, to a term of imprisonment for thirty years, pursuant to Alabama's Habitual Felony Offender's Act.

Following his trial and sentencing, Fred Lawton, III was appointed to represent Golightly on appeal. Lawton filed an *Anders* brief in which he outlined the facts of the case and concluded that after diligently reviewing the file and transcript, he could find "no error in the record that might arguable support this appeal." He added that "[u]pon searching the facts and record in this case I reluctantly cannot advance any argument in the defendant's behalf in good faith and believe an appeal in this case to be frivolous."

Golightly then filed a *pro se* brief in which he argued that: 1) he received ineffective assistance of counsel because a) his trial attorney "did not object to certain instances of error by the state"; b) his trial attorney did not take "those facts available to him a make a sembl[a]nce of defense" for him; c) "counsel objected but failed as a matter of law to pursue those issues on appeal"; d) "counsel filed several pre-trial motions with the court however, he allowed the trial to continue without resolving those issues"; e) "counsel allowed black as well as white jurors to be struck from [the] jury pool illegally"; f) "counsel did not object to prosecutor's improper comment to the jury"; and g) did not object that the "indictment was fatally flawed charging 1st degree possession of marijuana without first proving a prior marijuana conviction"; 2) the prosecutor made inflammatory remarks during closing argument; 3) the trial court imposed a stiff sentence on him for exercising his right to a trial; and 4) he was denied the right to confront the witnesses against him because the state did not reveal the name of the informant. On July 28, 1995, the Alabama Court of Criminal Appeals affirmed Golightly's conviction in a memorandum opinion:

> William Golightly appeals form his convictions for unlawful possession of a controlled substance and unlawful possession of marijuana. Defense counsel filed a brief with this court stating that he could find no arguable error in the record, citing *Anders v. California*, 368 U.S. 738, 87 S. Ct. 2094, 18 L. Ed. 2d 1377 (1967). The appellant has filed a pro se brief with this court. The appellant contends that his trial counsel was ineffective. This issue is presented for the first time on appeal and, thus, is not preserved for our review. *Ex Parte Jackson*, 598 So. 2d 895 (Ala 1992). *Greathouse v. State*, 650 So. 2d 599 (Ala. Crim. App. 1994). The appellant contends that the prosecutor made inflammatory remarks during closing argument. Closing arguments are not contained in the record on appeal. It is the appellant's duty to provide a complete record on appeal. *Knight v. State*, 621 So. 2d 394 (Ala. Crim. App. 1993); *Hall v. State* [Ms. 93-738, December 2, 1993] ___ So. 2d ___ (Ala. Crim. App. 1993). We cannot assume error from a silent record. *McCray v. State*, 629 So. 2d 729 (Ala. Crim. App. 1993). The appellant argues that the

2

> trial court imposed a stiff sentence because he exercised his right to a jury trial. The appellant has not presented any evidence in support of this argument. The appellant's sentence was well within the sentence range for these offenses with two prior felony convictions. The appellant contends that the State should have revealed the identity of the informant in this case. "[W]hile the prosecution's privilege to withhold an informant's identification may be defeated, 'the burden is on the defendant to demonstrate the need for the disclosure.' *United States v. Fixen*, 780 F.2d 1434, 1439 (9th Cir. 1986), quoted in *Lightfoot v. State*, 531 So. 2d 57, 59 (Ala. Crim. App. 1988)." *Berry v. State*, 581 So. 2d 1269 (Ala. Crim. App. 1991). The appellant has not met his burden in this regard. A review of the record supports defense counsel's assertion that there are no arguable errors in the record.

The certificate of judgment was issued on August 15, 1995.

On March 22, 1996, Golightly filed a Rule 32 petition in the Circuit Court of Calhoun County, claiming that: 1) he was convicted in violation of the Fifth and Fourteenth Amendments because both charges arose from the same incident; 2) the evidence was insufficient to prove that he possessed marijuana for other than personal use; 3) he was convicted in violation of his Fourth and Sixth Amendment rights because the warrant for the search of his residence was invalid because the State did not establish that the confidential informant was reliable and credible and he was denied his right to confront witnesses against him because the State did not disclose the identity of the confidential informant; 4) he received ineffective assistance of counsel; 5) his sentence exceeds the maximum authorized by law; 6) he had newly discovered evidence that the State's forensic expert was not qualified to provide the testimony she gave at trial; and 7) his appellate attorney was ineffective for filing an *Anders* brief. An evidentiary hearing on the petition was held on June 15, 1998. The trial court issued an order denying the petition on February 10, 1999. The Alabama Court of Criminal Appeals affirmed the denial of Golightly's petition in a memorandum opinion

released August 27, 1999. On March 3, 2000, the Alabama Supreme Court denied Golightly's petition for a writ of certiorari and entered a certificate of judgment.

Golightly filed a petition for a writ of habeas corpus in this court on March 1, 2001. In support of his petition, Golightly claims that the warrant to search his residence was invalid because: 1) the "marijuana was not particularly described in the affidavit"; 2) the "affiant negligently misrepresented that [the] unnamed informant had previously provided him with information that had led to arrests and conviction[s]"; 3) the "mere conclusionary [sic] statement that an informant had seen stolen property at a certain address [was] insufficient to establish probable cause for issuance of [the] search warrant"; 4) the trial judge testified at the Rule 32 hearing that he could not remember the proceedings on the motion to suppress filed at trial; and 5) it "was not returned within ten days required by the trial judge or section 15-5-12 of the Code of Alabama."

In response to the court's order to show cause, the respondents have filed an answer in which they assert that the petition is due to be dismissed because the petitioner's claims are barred by procedural default. The parties were advised that the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. In response, the petitioner has filed a traverse.

Although Golightly did argue in his Rule 32 petition and on appeal from the denial of that petition, that the search warrant was invalid because the state did not establish that the confidential informant was reliable and credible, he did not raise the five claims he raises

in this petition on direct appeal or in his Rule 32 proceedings.[1] When a habeas claim has never been presented to a state court and there no longer exists any remedial vehicle by which the state courts may consider the claim, the United States Supreme Court has held that it is procedurally defaulted. *Teague v. Lane*, 489 U.S. 288 (1989). Golightly defaulted these claims by failing to raise them on direct appeal or in his Rule 32 petition.

If a petitioner has procedurally defaulted on a constitutional claim, he is barred from litigating that claim in a federal habeas corpus proceeding unless he can show adequate "cause" for and "actual prejudice" from the default. *Engle v. Isaac,* 456 U.S. 107 (1982); *Wainwright v. Sykes,* 433 U.S. 71 (1977). The "cause and prejudice" test of *Engle v. Isaac* and *Wainwright v. Sykes* is in the conjunctive. Therefore, the petitioner must prove both cause and prejudice to excuse his procedural default.

The United States Supreme Court summarized the "cause and prejudice" standard:

> In *Wainwright v. Sykes*, 433 U.S. 72 (1977), this Court adopted the "cause and prejudice" requirement of *Francis v. Henderson*, [425 U.S. 536 (1976)], for all petitioners seeking federal habeas relief on constitutional claims defaulted in state court. The *Sykes* Court did not elaborate upon this requirement, but rather left open "for resolution in future decisions the precise definition of the 'cause'-and-'prejudice' standard." 433 U.S. at 87, 53 L. Ed. 2d 594, 97 S. Ct. 2497. Although more recent decisions likewise have not attempted to establish conclusively the contours of the standard, they offer

---

[1] To the extent Golightly's claim that search warrant was illegal because the "affiant negligently misrepresented that [the] unnamed informant had previously provided him with information that had led to arrests and conviction[s]" could be considered to be the same as the illegal warrant claim he raised in his Rule 32 petition and on appeal from the denial of that petition, that claim is still procedurally barred because the Alabama Court of Criminal Appeals, the last state court to review the claim, held that the claim was procedurally barred. Respondents' Exhibit RX-6.

Further, the court notes that although Golightly claims that he presented some of his current claims in the trial court on motions to suppress and for new trial, and that he presented some of them in petitions for rehearing in the Court of Criminal Appeals, attempted amendments to his brief on direct appeal and/or his brief on appeal from the denial of his Rule 32 petition, and/or in petitions for certiorari, the claims were not presented properly on direct appeal or in his Rule 32 petition, so they are defaulted.

5

> some helpful guidance on the question of cause. In *Reed v. Ross*, 468 U.S. 1, 82 L. Ed. 2d 1, 104 S. Ct. 2901 (1984), the Court explained that although a "tactical" or "intentional" decision to forgo a procedural opportunity normally cannot constitute cause, *id.*, at 13-14, 82 L. Ed. 2d 1, 104 S. Ct. 2901, "the failure of counsel to raise a constitutional issue reasonably unknown to him is one situation in which the [cause] requirement is met." *Id.*, at 14, 82 L. Ed. 2d 1, 104 S. Ct. 2901. The Court later elaborated upon *Ross* and stated that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). We explained that "a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . would constitute cause under this standard." *Ibid.*

*Amadeo v. Zant*, 486 U.S. 214, 221-22 (1988).

The petitioner must also demonstrate that he was prejudiced; he must show "not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." (emphasis in original). *United States v. Frady*, 456 U.S. 152, 170 (1982). A federal habeas court, however, will consider a procedurally defaulted claim in the absence of cause, if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." *Smith v. Murray*, 477 U.S. 527, 537-38 (1986) (*quoting, respectively, Engle*, 456 U.S. at 135, and *Murray*, 477 U.S. at 496).

As cause to excuse his procedural default, Golightly states that "most of the work upon these issues was done pro/se by inexperienced practioners [sic] with very little knowledge of law, and a limited ability to express themsel[ve]s, each one having their own way and mind sets of understanding this issue of probably cause, but they all stayed on course throughout, attacking the same issues in each one's theory way." However, lack of legal education on the part of the petitioner or the "practioners" who were assisting him does not constitute cause

6

to excuse his procedural default. *See McCoy v. Newsome*, 953 F.2d 1252 (11th Cir. 1992). Further, Golightly has made no showing that he was prejudiced by the alleged defects in the affidavit or search warrant. Finally, Golightly has made no showing that he is "actually innocent" of the crimes for which he was convicted. Thus, Golightly is procedurally barred from raising his claims in this court, and the petition is due to be dismissed.

An appropriate order will be entered.

DONE this 30th day of September, 2004.

KARON O. BOWDRE
UNITED STATES DISTRICT JUDGE